CHRISTINE DIAS, by her father AUGUST DIAS, *vs.* FRANK
GILLILAND.

APPEAL FROM DECISION OF JUDD, C. J.,

OVERRULING DEMURRER.

JANUARY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

A complaint is not demurrable on the ground that a father, suing on
behalf of his daughter, a minor, failed to obtain leave of Court
(under Rule XX): it is, at most, an irregularity, which might be
amended by application to a judge at chambers.

A complaint for breach of promise of marriage held to sufficiently
allege a promise.

Plaintiff entitled her action "Damages," and claimed "for injury
done by the said defendant to the person, the character and the
feelings of the plaintiff:" held that she followed the form in Sec-
tion 1,116, Civil Code, too closely, and treated the action as for a
tort, whereas it should be assumpsit: and that the words last
quoted may be treated as surplusage.

Demurrer overruled.

OPINION OF THE COURT, BY PRESTON, J.

THIS action, which is for a breach of promise by the defendant
to marry the plaintiff, was commenced on the 14th of September
last.

The plaintiff claims the sum of two thousand dollars for
damages resulting to her "for injury done by the said defendant
to the person, the character and the feelings of the plaintiff," and
alleges the promises and breach. The plaintiff also alleges her
seduction by the defendant under the promise to marry, and
further alleges that the matters complained of "were done in
contravention of her private rights under the law."

To this complaint the defendant filed a demurrer alleging for
cause:

1. That it did not appear that August Dias had obtained leave
to bring suit on behalf of the minor.

2. That the form of action is not stated in the caption.

3. That it is not alleged that a reasonable time had elapsed since the making of the alleged promises and before breach.

4. That as to the promise alleged to have been made by defendant on the 12th or 13th day of September, 1885, it is not alleged that the plaintiff promised to marry the defendant on that occasion.

5. That said declaration hath improperly united two separate and distinct causes of action.

6. If said causes of action are properly united, the same are incomplete as not containing a statement of the necessary parts of a cause of action.

7. That the declaration is not subscribed by plaintiff.

8. That it is not sworn to by the party authorized and required to do so.

This demurrer was argued before the Chief Justice at the last October term and was sustained on the first, second, seventh and eighth grounds, leave being given to amend.

The plaintiff amended the complaint according to the decision of the Chief Justice, except that in the form of action in the caption she inserted the word "damages" only.

The defendant demurred to the complaint as amended, assigning for grounds :

1. That the declaration as amended is not properly entitled, there being no such action as "damages" known to the law. Other four points were the same as points 3, 4, 5 and 6 of the original demurrer.

The matter was submitted to the Chief Justice without argument (by consent), who, on the 28th of December last, overruled it.

The defendant appealed, and the matter was argued on the 13th of January last.

BY THE COURT.

This cause coming up on demurrer, it becomes necessary to review the whole record.

With respect to point 1, we do not think the complaint is demurrable on this ground ; it is at most an irregularity which might be amended by an application to a judge in chambers.

With respect to the second and third points (3 and 4 of the original demurrer), we are of opinion that the defendant's objections fail. As we understand the declaration, it alleges divers promises during the year 1883 and subsequently, and an express promise to marry the plaintiff on the 12th or 13th day of September, 1885, and breach of such promise. We do not understand the plaintiff to allege a promise on the 12th or 13th of September, but that the marriage was to take place on one of those days.

The other points require more consideration. It appears to us that the plaintiff has followed the form given in Section 1,116 of the Civil Code, as a form which may be adopted in actions for unliquidated demands, too closely, and has got into a difficulty in that she claims damages for injury to her person, feelings and character, in the same complaint. The action appears to be treated as for a tort, whereas it should be contract (assumpsit).

We do not think the plaintiff intended to claim damages for two separate causes of action ; the allegation as to her seduction is suggested as matter of aggravation to increase the damages and may properly be made, so that on these remaining points the demurrer must be overruled.

We think that the words which are included in inverted commas in the stating part of this decision may be treated as surplusage and may be stricken out, and we give leave to the plaintiff to amend accordingly.

Under all the circumstances of this case, we think the costs of the demurrers and of this appeal should be divided, and that the defendant have twenty days to answer.

*Jona. Austin*, for plaintiff.

*Kinney & Peterson*, for defendant.

Honolulu, February 6, 1886.